[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed the present action on October 12, 1999, alleging legal malpractice on the part of the defendant. The defendant filed a pro se appearance on October 22, 1999. On December 1, 1999, the plaintiff filed a motion for default for failure to plead that was granted on December 16, 1999, with notice of the default issued on December 21, 1999. The matter was then referred to the defendant's malpractice carrier which retained counsel who filed an appearance for the defendant on February 5, 2000. The plaintiff filed a certificate of closed pleadings and claim for the jury list on January 5, 2000. The defendant filed this motion to set aside the default accompanied by an answer and special defenses on January 11, 2000. The plaintiff filed his objection to the defendant's motion to set aside the default on January 24, 2000.
Shevlin argues that the court cannot grant the defendant's motion to set aside the default absent an affidavit from the defendant presenting facts "tending to show the (defendant) had been making good faith efforts to ascertain information that would enable him to make a good faith answer to plaintiffs complaint." (Plaintiff's memorandum, January 24, 2000.) In support of his argument, he contends that the defendant has produced no evidence upon which this court may set aside the default and that even if such evidence was produced, it would have to be presented under oath or in affidavit form pursuant to Practice Book § 17-43.
Shafran argues that Shevlin is erroneously asking the court to subject the defendant's motion to set aside a default, in which judgment has not entered, to a standard reserved for setting aside a default judgment. He further asserts, pursuant to Practice Book § 17-42, that when a defendant has been defaulted and judgment has not entered, that defendant is not required to verify, by oath or affidavit, the reasons for the defendant's failure to plead within the Practice Book's time parameters. Additionally, Shafran argues that the court has broad CT Page 4719 discretion in deciding whether to set aside a default. He cites to Practice Book § 17-42 which states in relevant part: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shownupon such terms as it may impose." (Emphasis added.) He further argues that the court should consider "the totality of the circumstances" in this matter in determining whether to grant the motion. See Higgins v. Karp, 243 Conn. 495, 508 (1998).
Because judgment has not been rendered regarding the default in the present action, the defendant's motion is governed by Practice Book § 17-42, not § 17-43. Therefore, the court may determine whether to grant the motion based on "terms as [the court] may impose." See Practice Book § 17-42. The Supreme Court recently held that "[the] determination of whether to set aside [a] default is within the discretion of the trial court . . . and will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as the seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Citations omitted; internal quotations omitted.) Higgins v. Karp, supra.
Shevlin relies on Segan v. Allstate Ins., 18 Conn.L.Rptr. No. 5, pp. 166, 167, where the defendant submitted an affidavit in conjunction with his motion to set aside a default, the affidavit, however, was not required by the court or pursuant to the Practice Book. In that case, the court, Silbert, J., stated that "[w]hile many delays are unavoidable and even necessary, those delays that are caused by a deterioration of professional courtesy and indifference to its impact on opposing counsel and parties, especially when accompanied by brinkmanship of the sort displayed in this case, need not be tolerated by litigants and should not be condoned by courts." Segan v. AllstateIns., supra.
A defendant is not required to file an oath or affirmation where judgment has not been rendered on a default. Therefore, the court may base its determination of whether to grant the motion to set aside the default on those terms which it deems appropriate to impose given the "totality of the circumstances." See Practice Book § 17-42; Higgins v. Karp, supra. CT Page 4720 Given this broad discretion, the court finds that the defendant's conduct has not violated the tests set forth above inHiggins v. Karp, supra, 243 Conn. 495; and Seganv. Allstate Ins., supra.
The defendant's delay in filing an answer was based on the time it took the claim to be processed by his malpractice carrier and for the malpractice carrier to retain an attorney to represent the defendant, which demonstrates the defendant's lack of contumacy. Nor has the plaintiff presented evidence to counter the defendant's argument that the delayed pleading has not prejudiced the plaintiffs case. The court finds that the defendant's delay in pleading was unintentional, the result of circumstances, and not due to any lack of professionalism, lack of courtesy or indifference. The "brinkmanship," of the defendant in Segan v. Allstate Ins., supra, has not occurred here.
The defendant's motion to set aside the default is, accordingly, granted. Moraghan, J.